IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BARK, Individually and on behalf of all similarly situated persons<br>*Plaintiff*,<br><br>v.<br><br>LOCAL UNION 98 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS<br><br>*Defendant*. | CIVIL ACTION<br>NO.  24cv4499 |

**DEFENDANT LOCAL UNION 98 INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS'
NOTICE OF REMOVAL**

Plaintiff Robert Bark ("Bark") has filed a complaint against Defendant Local Union 98 International Brotherhood of Electrical Workers ("Local 98") in the Court of Common Pleas of Philadelphia County (the "State Complaint"). The State Complaint states a claim preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Thus, Local 98, by and through its counsel, and pursuant to 28 U.S.C. §§ 1331, 1337, 1441, 1446 and 1453, removes the State Complaint. Local 98 respectfully bases this removal on the following:

**I.    PLEADINGS TO DATE AND COPY OF ALL STATE COURT FILINGS**

1. Pursuant to 28 U.S.C. § 1446(a) a true and correct copy of all process, pleadings, and orders served upon Local 98 in the Court of Common Pleas of Philadelphia County, June Term, 2024, Case Number: 240600116 State Action (the "State Action") are attached hereto as Exhibits A through G.[1]

---

[1] Upon information and belief, the State Action is properly identified as a June 2024 term action. The Complaint and Affidavit of Service of the Complaint identify the State Action as a May 2024 term

1

2. On or about May 31, 2024, Bark filed a Praecipe for Writ of Summons in the State Action naming as Defendants both Local 98 and the International Brotherhood of Electrical Workers ("International"). Exhibit A.

3. On or about June 25, 2024 Bark filed an affidavit of service stating that the Writ of Summons was served on Local 98 on or around June 21. Exhibit B.

4. On or about June 27, 2024 Bark filed an affidavit of service stating that the Writ of Summons was served on the International on or around June 24. Exhibit C.

5. On or about July 9, 2024, Local 98 filed a Praecipe to File Complaint in the State Action. Exhibit D.

6. On or about July 29, 2024, Bark filed the State Complaint with Local 98 as the sole defendant. Exhibit E.

7. On or about July 29, 2024, Bark, Local 98, and the International, filed a Stipulation for Partial Discontinuance Without Prejudice as to the International. Exhibit F.

8. On or about August 2, 2024, Bark filed an Affidavit/Declaration of Service of Plaintiff's Complaint on Defendant's counsel on July 30, 2024. Exhibit G.

**II. TIMELINESS**

9. Local 98 accepted service of the State Complaint on July 30, 2024. Exhibit G.

10. Local 98 timely filed this Notice of Removal, as required by 28 U.S.C. § 1446(b)(1), as this is filed within 30 days of receipt of a copy of the initial pleading setting forth the claim for relief upon which the State Action is based.

---

action. All other process, pleadings, and orders appear to identify the State Action as a June 2024 term action, as does the case number itself.

11. Bark has styled his State Complaint as a potential class action. 28 U.S.C. §1453 provides that a class action may be removed in accordance with 28 U.S.C. §1446 and thus this removal remains timely under 29 U.S.C. §1446(b)(1).

### III. CONSENT OF ALL PARTIES

12. The only Defendant in this action is Local 98. Thus, the consent requirement of 28 U.S.C. § 1446(b)(2)(A) has been met.

### IV. NOTICE

13. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be promptly provided to Plaintiff.

14. Pursuant to 28 U.S.C. § 1446(d), a Notice of Notice of Removal will also be provided to the Prothonotary of the Court of Common Pleas of Philadelphia County promptly after the filing of this Notice.

### V. VENUE

15. Venue is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a) because the Eastern District of Pennsylvania embraces Philadelphia County where the removed action is pending.

### VI. JURISDICTION

16. The Court has subject matter jurisdiction over this action under the LMRA and the State Complaint, on its face, raises a federal question. *see* 28 U.S.C. §§ 1331; *see also* 29 U.S.C. §§ 185(a) and (c).

17. As such, this action may be removed to this Court under 28 U.S.C. § 1441(a).

**VII.   GROUNDS FOR REMOVAL**

18.   Local 98 is an unincorporated association commonly referred to as a labor union and maintains its offices in Philadelphia, Pennsylvania.

19.   Local 98 is a local union established under the authority of its parent organization, the International.

20.   Bark joined Local 98 as a member in 1990.

21.   Bark accepted the position in Local 98 of Business Representative in 2005.

22.   Bark's State Complaint has a sole count of an alleged breach of contract and alleges that the Local 98 Bylaws, an excerpt which is attached to the State Complaint, is the contract which controls the terms and conditions of his employment. Exhibit E.

23.   Bark alleges that, over thirteen years ago in April 2011, the then-Local 98 Business Manager ("Business Manager") reduced the salaries of Local 98's Business Representatives without authority and in violation of this "contract." Exhibit E at ¶¶ 5-10, 21-22, 52.

24.   A true and correct copy of the Local 98 Bylaws, approved on January 25, 2023 and in effect at the time that Bark filed his Praecipe for Writ of Summons in the State Action, is attached hereto as Exhibit H.

25.   The Local 98 Bylaws, upon which Bark's State Action relies, expressly incorporate the International's controlling document, the International Brotherhood of Electrical Workers Constitution and Rules for Local Unions and Councils Under Its Jurisdiction (the "IBEW Constitution"). Exhibit H, the Local 98 Bylaws, at numbered page 32, Article XVI, Section 7 ("The IBEW Constitution is hereby made a part of these bylaws. Where there is any doubt concerning any section of these bylaws or where such might appear to be in conflict with the IBEW Constitution, then the IBEW Constitution shall control and must be followed.")

26. The IBEW Constitution is attached hereto as Exhibit I.

27. The IBEW Constitution itself expressly provides that it is incorporated in any local union bylaws. Exhibit I, the IBEW Constitution, at numbered page 45, Article XV, Section 7 ("This Constitution and the rules herein shall be considered a part of all [Local Union] bylaws and shall be absolutely binding on each and every [Local Union] member.")

28. Section 301 of the LMRA states that suits for violation of a contract between labor organizations "may be brought in any district of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

29. Section 301 also extends to suits between a member and a labor organization based upon an alleged breach of such a contract between labor organizations, such as the IBEW Constitution and/or the Local 98 Bylaws. *Wooddell v. Int'l Bhd. Of Elec. Workers, Local 71*, 502 U.S. 101-02 (1991); *Kunz v. United Food & Commercial Workers, Local 876*, 5 F.3d 1006, 1010 n.2 (6th Cir. 1993).

30. The State Complaint, on its face, is a suit to "enforce" the Local 98 Bylaws and is thus preempted by the LMRA. *Lane v. Loc. 827 I.B.E.W., AFL-CIO*, No. 22-CV-6412, 2023 WL 4268927, at *2 (D.N.J. June 29, 2023) ("The IBEW Constitution is binding upon the Union Bylaws and is incorporated into the Union Bylaws… It, therefore, satisfies the requirement on the type of contracts that ordinarily come under the scope of Section 301 of the LMRA")

31. As Bark's State Complaint raises a federal question subject to complete preemption of the LMRA, removal is appropriate. 28 U.S.C. §§ 1331, 1337, 1441; 29 U.S.C. § 185.

32. Defendant reserves all its defenses in this action.

## VIII. CONCLUSION

33. Based on the foregoing, Local 98 removes this action from the Court of Common Pleas of Philadelphia County Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

                Respectfully submitted,

                CLEARY, JOSEM & TRIGIANI, LLP

By:   */s/Ryan R. Sweeney*
       WILLIAM T. JOSEM, ESQUIRE
       RYAN R. SWEENEY, ESQUIRE
       325 Chestnut Street, Suite 200
       Philadelphia, PA 19106
       P: (215) 735-9099
       F: (215) 640-3201
       *Attorneys for IBEW Local 98*

DATED: August 27, 2024