IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BARK, Individually and on behalf of all similarly Situated persons,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL UNION 98 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action. No.: 2:24-CV-04499<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW on this 26th day of February 2025, upon consideration of Plaintiffs' Motion to Remand (ECF No. 6), Defendant's Response in Opposition (ECF No. 8), and Plaintiffs' Reply in Support of Motion to Remand (ECF No. 9)[1], it is hereby ORDERED that Plaintiff's Motion is GRANTED and this matter is remanded to the Philadelphia County Court of Common Pleas.[2]

_____
GAIL A. WEILHEIMER, J.

---

[1] As a general matter, this Court does not permit – without leave of court – replies in support of initial dispositive motions. Plaintiffs' reply (ECF No. 9) was filed in accordance with Judge Sanchez's policies and procedures and therefore this Court will consider the filing in this case.

[2] Section 301(a) of the Labor Management Relations Act (LMRA) confers original jurisdiction on the district courts of the United States over all "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … **or between any such labor organizations**." 29 U.S.C. § 185(a) (emphasis added). "In construing this provision,

the Supreme Court has explained that Congress intended for labor contracts to be evaluated under a federal standard in order to avoid conflicting interpretations at the state and federal level that could inhibit the formation of collective bargaining agreements." *Padilla-Gonzalez v. Local 1575*, 635 F.Supp.2d 105 (D.P.R. 2009) (*citing Allis-Chalmers Corp.*, 471 U.S. 202, 210 (1985).

The Supreme Court has also held that union constitutions prescribing "the legal relationship and the rights and obligations between the parent and affiliated locals" are contracts between unions within the meaning of Section 301(a). *United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, AFL CIO v. Loc. 334, United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada*, 452 U.S. 615, 624-625 (1981).

However, since the Supreme Court's decision in *United Ass'n of Journeymen, supra*, lower courts have mostly held that a strictly local constitutions and bylaws do not confer federal jurisdiction under the LMRA. *See Korzen v. Local Union 705, Intern. Broth. of Teamsters*, 75 F.3d 285, 288 (7th Cir. 1996) (Posner, C.J.); *Kunz v. United Food and Commercial Workers, Local 876*, 5 F.3d 1006, 1009 (6th Cir. 1993); Madsen *v. Am. Fed'n of Musicians of the U.S. & Canada, AFL-CIO/CLC, Loc. 24*, 13 F. Supp. 3d 820, 824-825 (N.D. Ohio 2014); *Padilla-Gonzalez*, 635 F.Supp.2d at 110. In line with the holdings above, a court in our own district has similarly held that claims which can be resolved without interpreting the governing collective bargaining agreement are not preempted by Section 301(a). *See Corizon Health, Inc. v. Gerace*, No. 17-1808, 2017 WL 4838731, at *3 (E.D. Pa. 2017) (Schiller, J.).

This Court is persuaded by the weight of authority cited above. Plaintiffs' claim is based on the theory that they were paid at a rate lower than that established by Local 98's bylaws. Pl.'s Compl. at 8-9; Pl's Mot. to Remand at 5-6. Defendant highlights that its bylaws and its international constitution incorporate the other by reference. Def.'s Resp. in Opp'n at 3. Defendant's argument follows that the bylaws are not an independent document and that "where there is any doubt concerning [the] bylaws ... the IBEW Constitution [controls]." *Id*.

Defendant's argument stops short of identifying any issues concerning interpretation that would require reference to the IBEW Constitution in this case. Absent a colorable showing that Plaintiffs' claims are inextricably intertwined with interpretation of the CBA, and thus preempted by the LMRA, this Court has no basis for subject matter jurisdiction. *Cf. Wall v. Constr. & Gen. Laborers' Union, Loc. 230*, 224 F.3d 168, 178 (2d Cir. 2000) (the LMRA preempts claims that are inextricably intertwined with consideration of the terms of a labor contract). Accordingly, this case is hereby remanded to the Philadelphia County Court of Common Pleas.